# Amended Civil Rights Complaint – 42 U.S.C. § 1983 and 18 U.S.C. § 242

Date: June 09, 2025

Court: [Insert U.S. District Court – Western District of Tennessee]

RECEIVED JUN 10 2025 Wendy R Oliver, Clerk U.S. District Court W.D. OF TN, Jackson

## Parties

Plaintiff: Willis Foster
Address: 21 Fieldview cv
Phone: 7313434833
Email: djfoster19@gmail.com

Defendants:
- Officer Cupples, Jackson Police Department
- Sargent Tillet, Officer Hodge, officer Amawi, and 2 unknown K-9 units of Jackson Police Department
- City of Jackson, Tennessee

## Nature of the Action

This civil rights action is brought under 42 U.S.C. § 1983 and 18 U.S.C. § 242, arising from a traffic stop that occurred on May 2, 2025, in Jackson, Tennessee. Plaintiff alleges unlawful detention, search, and seizure in violation of his Fourth and Fourteenth Amendment rights. Additionally, Plaintiff was deprived of liberty under color of law through the coercive and unjustified actions of multiple officers, constituting a violation under Title 18 U.S.C. § 242.

## Jurisdiction and Venue

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Venue is proper under 28 U.S.C. § 1391 because all events occurred in the Western District of Tennessee.

## Factual Background

1. On May 2, 2025, Plaintiff Willis Foster was pulled over by Officer Cupples after being followed along North Highland Avenue.
2. Plaintiff began filming at 7:59 PM, three minutes after being stopped. Officer Cupples' dashcam footage begins nearly 9 minutes after Plaintiff's video and shows no traffic context.
3. Cupples activated his lights in the middle of the road, as he later admitted on video. The reason for the stop was never substantiated.
4. Cupples claimed to smell marijuana but was observed vaping multiple times during the

stop. No drugs or contraband were found.
5. Plaintiff was ordered to exit the vehicle. Officers surrounded him, moved him in front of a cruiser, blocked access to his phone, and prevented him from leaving.
6. The officers verbally confirmed their intent to search the car without consent. Plaintiff was effectively detained without being under arrest or advised of rights.
7. The search revealed only gym clothes. No citation for marijuana or resisting arrest was issued.
8. Plaintiff's public records request (May 9, 2025) was denied repeatedly. On June 4, 2025, Deputy G. Benton confirmed no additional video exists and none was deleted.
9. Plaintiff has suffered reputational harm, anxiety, emotional distress, missed opportunities, and displacement due to retaliation and fear of local law enforcement.
10. Plaintiff believes the unlawful detention and search, denial of public records, and misuse of power were all part of an unconstitutional pattern of abuse.

## Legal Claims

1. Violation of the Fourth Amendment (42 U.S.C. § 1983): Defendants unreasonably seized Plaintiff without probable cause or a valid warrant.
2. Violation of the Fourteenth Amendment: Plaintiff was deprived of liberty without due process, and denied fair treatment throughout post-stop procedures.
3. Violation of 18 U.S.C. § 242: Officers willfully detained Plaintiff without justification and searched his property in violation of clearly established rights.
4. Monell Claim: The City of Jackson failed to train, supervise, and enforce policies to prevent constitutional violations, contributing directly to the harm.

## Relief Requested

Plaintiff respectfully requests:
1. A declaratory judgment that the conduct of Defendants violated his constitutional rights.
2. Compensatory damages for emotional distress, reputational harm, lost opportunities, and housing displacement.
3. Punitive damages against Officer Cupples, Amawi, Hodge, K-9 unit John Does' 1 and 2 for reckless and willful disregard of Plaintiff's rights.
4. Reasonable attorneys' fees and legal costs under 42 U.S.C. § 1988.
5. Any further relief the Court deems just and proper.


Respectfully submitted,

Willis Foster

*[signature]*