IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

WILLIS FOSTER,

    Plaintiff,

v.                                             No. 1:25-cv-01140-STA-jay

OFFICER CUPPLES, *Jackson Police Department*;
SERGEANT TILLET, *Jackson Police Department*;
OFFICER HODGE, *Jackson Police Department*;
OFFICER AMAWI, *Jackson Police Department*;
2 UNKNOWN K-9 UNITS, *Jackson Police Department*; and
CITY OF JACKSON, TENNESSEE,

    Defendants.

---

REPORT AND RECOMMENDATION

---

On June 10, 2025, Plaintiff Willis Foster filed a pro se lawsuit[1] against the above-named Defendants. (Docket Entry ["D.E."] 1.) The Court is required to conduct a screening of this action pursuant to 28 U.S.C. § 1915(e)(2)(B) because Foster sought and received in forma pauperis status. (D.E. 6, 7.) It is recommended that Foster's claims brought under 18 U.S.C. § 242 be dismissed, and that his remaining claims should proceed.

---

[1] This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

I.

In his Complaint,[2] Foster alleges that Officer Cupples initiated a traffic stop of him on May 2, 2025, because Officer Cupples alleged to have smelled marijuana. (D.E. 1 at 1.) Foster further alleges that he was ordered to exit his vehicle and that other officers surrounded him, moved him in front of a police cruiser, denied him access to his phone, and prevented him from leaving. *Id*. at 2. He further avers that his vehicle was searched, and that no marijuana or other contraband was found. *Id*. Foster was not arrested or given a citation. *Id.* Foster states that he has made a public records request that was "denied repeatedly," and that a Jackson Police Department official has advised him that no additional video exists and that no video of the incident was deleted. *Id.*

Foster alleges that he has suffered "reputational harm, anxiety, emotional distress, missed opportunities, and displacement due to retaliation and fear of local law enforcement." *Id.* He asserts Fourth and Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983 on the basis that his traffic stop and detention was an unlawful seizure and deprived him of due process of law. *Id*. He also brings a claim against the officers under 18 U.S.C. § 242 for criminal deprivation of rights under color of law. *Id*. Finally, he seeks to impose *Monell* liability against the City of Jackson for his alleged Constitutional deprivations. (*Id.*) Foster seeks declaratory relief, compensatory damages, punitive damages against the individual defendants, attorney's fees and costs, and any other general relief. *Id*.

---

[2] Foster styles his initial pleading as "Amended Civil Rights Complaint – 42 U.S.C § 1983 and 18 U.S.C. § 242". (D.E. 1.) There is no preceding complaint filed in this case subject to being amended, and Foster identifying his initial pleading as an "Amended Complaint" appears to be in error.

II.

A.  28 U.S.C. § 1915(e)(2) Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding in forma pauperis at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

B.  Standard of Review for Failure to State a Claim

To determine whether Foster's Complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that ... are no more than conclusions[ ] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they

3

must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded").

Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.' ") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

"A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Shelby v. Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-

02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

    C. Analysis.

    18 U.S.C. § 242 provides, in relevant part:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State… to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, … shall be fined under this title or imprisoned not more than one year, or both … .

    While 18 U.S.C. § 242 makes it a crime for someone acting under color of law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States, Foster lacks standing to bring an 18 U.S.C. § 242 claim. Only the United States Attorney can initiate criminal charges in federal court. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). Criminal statutes such as 18 U.S.C. § 242 do not provide a private cause of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (stating that the plaintiff "has no private right of action" under either 18 U.S.C. §§ 241 or 242). Foster lacks standing to bring a claim under 18 U.S.C. § 242 and this claim should be dismissed.

    When construing the remaining claims in the Complaint in a light most favorable to Foster and accepting his allegations as true, the undersigned finds that, for purposes of screening under 28 U.S.C. § 1915(e)(2)(B)(ii), he has satisfied the low threshold of alleging facially plausible civil rights claims against the Defendants named in this matter. The undersigned therefore recommends that the issuance and service of process be ordered.

III.

For these reasons the undersigned RECOMMENDS that Plaintiff Willis Foster's 18 U.S.C. § 242 be DISMISSED, and that the Clerk be directed to issue process for the Defendants in this matter and deliver that process to the U.S. Marshal for service.

Respectfully submitted this the 30th day of June 2025.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(B)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**